IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03189-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

ARMANDO CRUZ,
RANDY CHAVEZ,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 44]. The Recommendation addresses defendants' Motion to Dismiss [Docket No. 27]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

The facts are set forth in the magistrate judge's recommendation, Docket No. 44 at 1-5, and the Court adopts them for the purposes of ruling on the objections. To the extent defendants raise disputes with how the magistrate judge construed certain facts, the Court considers and resolves those below.

On October 23, 2020, plaintiff filed his complaint bringing five claims: (1) seizure

---

[1] The Court assumes that the allegations in plaintiff's amended complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

without arguable reasonable suspicion against Officer Cruz only[2]; (2) search and seizure without arguable probable cause against both defendants; (3) excessive force before arrest against both defendants; (4) unlawful arrest without arguable probable cause against both defendants; and (5) excessive force after arrest against both defendants. *Id.* at 10-16. Defendants filed a motion to dismiss each of plaintiff's claims on March 19, 2021 based on qualified immunity. *See* Docket No. 27. Magistrate Judge Michael Hegarty issued a recommendation on defendant's motion on June 9, 2021. *See* Docket No. 44. Plaintiff and defendants both filed objections, *see* Docket Nos. 49, 50, to which each responded. *See* Docket Nos. 51, 52.

## II. LEGAL STANDARD

### A. Objections to Magistrate Judge Recommendations

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a

---

[2] Plaintiff has abandoned this claim. Docket No. 33 at 1. Accordingly, the Court will dismiss it.

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of the recommendation to confirm that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 584

F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, the Court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

### C.  Qualified Immunity

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  A court should resolve questions of qualified immunity at the earliest possible stage of litigation.  *Anderson v.*

*Creighton,* 483 U.S. 635, 646 n.6 (1987).  However, a plaintiff facing a qualified immunity challenge still does not have a heightened pleading standard.  *Currier v. Doran,* 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'"  *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs*., 519 F.3d 1242, 1249 (10th Cir. 2008)).  When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct.*"* *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).  Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case."  *Pearson*, 555 U.S. at 236.

## III.  ANALYSIS

The magistrate judge recommends granting defendants' motion to dismiss in

part and finding that defendants are entitled to qualified immunity on claims one, three, four, and five. Docket No. 44. Defendants object to the magistrate judge's recommendation to deny their motion to dismiss claim two. Docket No. 49 at 2. Plaintiff objects to the magistrate judge's recommendation to dismiss claims four and five. Docket No. 50 at 1-3.

### A. Claim Two

The magistrate judge found that, accepting the facts in the complaint as true, there was not articulable, reasonable suspicion that plaintiff was armed and dangerous to justify conducting a search of plaintiff's pockets. Docket No. 44 at 13. The magistrate judge additionally found that, even if defendants had an articulable, reasonable suspicion that plaintiff was armed and dangerous, their method of conducting the search of plaintiff's pockets was unreasonable. *Id.* at 16.

Defendants object to both conclusions, arguing that the magistrate judge (1) improperly considered each fact separately, rather than considering the totality of the circumstances, to determine that there was no articulable, reasonable suspicion that plaintiff was armed, and (2) improperly resolved conflicting allegations in the complaint to the benefit of plaintiff. *See* Docket No. 49 at 3, 7. Defendants additionally argue that the search of plaintiff's pockets did not violate clearly established law. *Id.* at 9-11.

Defendants' motion to dismiss argued that they had reasonable suspicion plaintiff was armed and dangerous based on plaintiff's "furtive movements"; his refusal to produce his receipt; the large item in his pocket; the officers' reasonable suspicion of

shoplifting; and Mr. Montgomery's reaching for his pocket. Docket No. 27 at 8-9; Docket No. 34 at 2. The magistrate judge analyzed each ground and determined that there was not articulable suspicion. Docket No. 44 at 13-16.

Defendants object that the magistrate judge evaluated each factor individually instead of together, as is required. Docket No. 49 at 4. The Court disagrees. The magistrate judge noted the totality of the circumstances as part of a court's analysis of reasonable suspicion, Docket No. 44 at 12, which the Court presumes he then applied, but also, after mentioning the various facts relevant to the reasonable suspicion analysis, stated "[o]n these facts . . . the Court does not find an articulable, reasonable suspicion to believe Plaintiff was armed and dangerous." *Id.* at 13; *see also id.* at 15 ("considering the totality of the circumstances here . . ."). The Court concludes that the magistrate judge correctly applied the test.

Defendants object to certain of the magistrate judge's conclusions. Defendants argue that the magistrate judge overlooked that plaintiff "fled" back into the store to bag his items. Docket No. 49 at 4-5. The complaint does not state that plaintiff fled into the store. That is defendants' characterization. Moreover, the complaint cannot be reasonably read to infer furtive actions by plaintiff. Instead, the complaint alleges that, after being asked to show his receipt and refusing to do so, plaintiff "proceeded back into the store to place his items in plastic bags" and, upon doing so, "proceeded back toward the south exit of the store that he had originally attempted to leave through." Docket No. 1 at 6, ¶¶ 9-10. While these actions are relevant to whether there was reasonable suspicion of shoplifting, they are not deliberately furtive actions or flight, *see* Docket No. 49 at 5, as defendants attempt to recharacterize them, that would justify, in

7

part, a search of plaintiff's pockets.

Defendants argue that plaintiff's failure to produce his receipt and their justified concern regarding shoplifting supports reasonable suspicion that he was armed and dangerous, pointing to cases involving burglary. Docket No. 49 at 5. However, the magistrate judge noted that the allegations in the complaint make clear that plaintiff was suspected merely of shoplifting or theft. Docket No. 44 at 20 n.2. Defendants present no argument why this conclusion is in error.

Finally, defendants argue the magistrate judge erred in concluding that plaintiff's response to the request for his name and date of birth, namely, reaching for his pocket, did not contribute to a finding of reasonable suspicion. Docket No. 49 at 6. The magistrate judge acknowledged that, from Officer Cruz's perspective, "there was no telling exactly what Plaintiff was intending to grab" and it was therefore "natural for Defendant Cruz to have asked Plaintiff to stop reaching." Docket No. 44 at 15. However, the magistrate judge found that this factor was not entitled to as much weight because plaintiff immediately complied with Officer Cruz's command to stop reaching for his pocket and to "put [his] hands up." *Id.* at 15-16; Docket No. 1 at 7, ¶ 13. Moreover, plaintiff kept his hands up while Officer Cruz called Officer Chavez and explained the situation to Officer Chavez. Plaintiff had a calm demeanor throughout the encounter. Docket No. 44 at 15-16. The Court agrees with the magistrate judge that, under the totality of the circumstances, even though plaintiff reached for his pocket instead of verbally responding to Officer Cruz's question, defendants lacked reasonable suspicion that plaintiff was armed and dangerous by the time they conducted the search of plaintiff's pockets.

The Court next turns to the nature of the search of plaintiff's pockets. As an initial matter, the Court must resolve a claimed contradiction in the complaint. Defendants argue that the complaint's allegations are internally contradictory and, accordingly, the Court should not treat them as true for the purposes of ruling on defendants' motion to dismiss. Docket No. 49 at 7. The allegation in question states:

> Plaintiff was then asked by Defendant Chavez if he had any weapons, knives, etc. on him, and to which Plaintiff promptly denied possessing. Immediately thereafter, however, and without so much as conducting a single pat down of his person first, Defendant Chavez and Cruz inserted their hands directly into several of Plaintiff's pockets and removed his keys, wallet, and medication from him. They did pat down one of Plaintiff's pockets, felt an item that in no way resembled a weapon, and asked Plaintiff what it was (it was a 4" x 4" x 1" paid-for liquid radiator sealer product), but they nevertheless went ahead and removed that from that pocket anyways, even after Plaintiff informed them specifically what it was.

Docket No. 1 at 8, ¶ 16. Defendants argue that plaintiff's allegation that defendants did not conduct "a single pat down" before reaching into his pockets contradicts his next allegation that they did pat down one pocket. Docket No. 49 at 7-8. The magistrate judge found the allegations were not mutually exclusive; namely, that defendants reached into several pockets but only patted down one. Docket No. 44 at 18 n.1. The Court agrees with the magistrate judge. The complaint alleges that defendants "inserted their hands directly into several of Plaintiff's pockets," not all of his pockets, before patting down one of plaintiff's pockets, which contained a small radiator sealer product that they removed from plaintiff's pocket. *See* Docket No. 1 at 8, ¶ 16. A reasonable reading of paragraph 16 is that, when the complaint says "without so much as conducting a single pat down of his person first," it refers to the sequence of events, namely, first defendants reached into some pockets, then defendants patted down one

9

pocket. The Court will not read a contradiction into the allegations that does not exist and accordingly rejects defendants' argument.

Defendants next argue that, even if the Court credits plaintiff's allegations, they do not state a Fourth Amendment violation because defendants were not required to have "x-ray vision" and be able to determine that the radiator sealer was not a weapon from touch only. Docket No. 49 at 8-9. This argument misses the basis of the magistrate judge's recommendation: "the immediate reaching into Plaintiff's pockets here without first conducting a pat-down search is not minimally intrusive," and thus states a claim for a Fourth Amendment violation. Docket No. 44 at 18. The Court rejects defendants' argument and finds that plaintiff has alleged a Fourth Amendment violation based on defendants' failure to conduct a pat-down search before reaching into some of plaintiff's pockets.

Defendants' final argument is that the law was not clearly established. Once again, however, defendants miss the basis of the magistrate judge's recommendation. Defendants attempt to distinguish *United States v. Santillanes*, 848 F.2d 1103, 1109 (10th Cir. 1988), and *Sibron v. New York*, 392 U.S. 40, 65 (1968), both which the magistrate judge cited, on the basis of having different facts. Docket No. 49 at 10-11. Defendants additionally argue that the magistrate judge defined the right in question at too high a level of generality. *Id.* at 10. However, defendants do not contradict the magistrate judge's conclusion that clearly established law, of which *Sibron* and *Santillanes* are examples, requires that officers have reasonable, articulable suspicion that a person is armed before the officers reach into his pockets. *Cf. Lowe v.*

*Raemisch*, 864 F.3d 1205, 1208 (10th Cir. 2017) (stating that Supreme Court or Tenth Circuit precedent is "considered on point if it . . . applies with obvious clarity to the conduct at issue." (internal quotation marks omitted)). The Court agrees with the magistrate judge that it is clearly established that "a pat-down search must be limited to a search for weapons and minimally intrusive. A pat-down search that immediately begins with a reach into the suspect's pockets is not minimally intrusive." Docket No. 44 at 19. The Court overrules defendants' objections and will deny the motion to dismiss claim two.

### B. Claim Three

The complaint brings two excessive force claims – one for the initial application of handcuffs during the investigative detention (claim three) and one for keeping plaintiff in handcuffs, placing him in the back of the police vehicle, and handcuffing him behind the back despite knowing of his medical condition (claim five). *See* Docket No. 1 at 13, 15-16. The magistrate judge recommends granting defendants qualified immunity on claim three because plaintiff failed to state a constitutional violation. Docket No. 44 at 21. Plaintiff does not specifically object to this conclusion. *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (stating that an objection is "proper" if it is both timely and specific and a specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.").

In the absence of an objection, the Court has reviewed the magistrate judge's recommendation on claim three to satisfy itself that there is "no clear error on the face

of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

### C.  Claim Four

Magistrate Judge Hegarty recommends that defendants are entitled to qualified immunity regarding the arrest of plaintiff. *See* Docket No. 44 at 23. Specifically, the magistrate judge concluded that it was not clearly established that defendants did not have probable cause to arrest plaintiff. *See id.* at 21-23.

Plaintiff objects, arguing that the magistrate judge too narrowly construed the cases plaintiff relied on in his response to defendants' motion to dismiss. Docket No. 50 at 3-4. In his response to defendants' motion to dismiss, plaintiff cited *Harbin v. City of Albuquerque*, 2006 WL 8444308 (D.N.M. Apr. 11, 2006), and *Cortez v. McCauley*, 438 F.3d 980, 990 (10th Cir. 2006), *opinion vacated on reh'g en banc*, 478 F.3d 1108 (10th Cir. 2007), for the proposition that defendants lacked arguable probable cause to arrest him without conducting and investigation. Docket No. 33 at 10. The magistrate judge considered both cases and found that they "essentially stand for the notion that some investigation is required for there to be a finding of probable cause." Docket No. 44 at 22. In his objection, plaintiff argues that he cited *Harbin* because of "its logic ultimately (and fairly) rested" on *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423 (10th

Cir. 1984), *vacated on other grounds sub nom. City of Lawton v. Lusby*, 474 U.S. 805 (1985), *aff'd after reconsideration*, 796 F.2d 1307 (10th Cir. 1986). Docket No. 50 at 3. Plaintiff additionally cites a law review article and *United States v. Hunnicutt*, 135 F.3d 1345, 1351 (10th Cir. 1998), where the Tenth Circuit stated that refusal to consent to an automobile search should not be a factor contributing to reasonable suspicion. Docket No. 50 at 4.

Plaintiff did not cite these cases (or the law review article) in response to defendants' motion to dismiss, and arguments raised for the first time in an objection to a magistrate judge recommendation are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).

Even if the Court considered the cases cited, the Court would rejects plaintiff's arguments. In *Lusby*, the plaintiff purchased sunglasses, left the store, and returned to buy some hair spray. *See Lusby*, 749 F.2d at 1427. The plaintiff carried the sunglasses through the checkout line while he purchased the hair spray. *Id.* An assistant manager saw the plaintiff purchase the hair spray without also purchasing the sunglasses. *Id.* An off-duty police officer asked the plaintiff for his receipt for the sunglasses. *Id.* at 1427-28. The plaintiff said that he had purchased the sunglasses, but lost the receipt, at which point the officer arrested the plaintiff. *Id.* at 1428. The Court denied qualified immunity and found that there was sufficient evidence in the record for a jury to conclude that there was no probable cause to arrest the plaintiff. *Id.*

at 1434.

The "message" of *Lusby* is that "police officers may not ignore easily accessible evidence." *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1259 (10th Cir. 1998). However, plaintiff has not alleged that there was any easily accessible evidence available to the officers to determine that plaintiff purchased the merchandise. Moreover, in *Lusby*, the plaintiff told the officer that he had purchased the sunglasses moments before and therefore there was a cashier who could easily corroborate the plaintiff's story. *See* 749 F.2d at 1427-29. Rather than conducting any investigation, the officer arrested him. *Id.* Here, not only has plaintiff not alleged that there was any readily available evidence, but there is no allegation that plaintiff made a statement to defendants to call defendants' attention to the existence of such evidence. As a result, *Lusby* does not constitute clearly established law.

Plaintiff also cites *United States v. Hunnicutt*, 135 F.3d 1345, 1351 (10th Cir. 1998), where the Tenth Circuit stated that refusal to consent to an automobile search should not be a factor contributing to reasonable suspicion. *Hunnicutt* is a different factual scenario from the allegations in the complaint and does not apply with obvious clarity to these circumstances. *Cf. Lowe*, 864 F.3d at 1208 (stating that Supreme Court or Tenth Circuit precedent is "considered on point if it involves materially similar conduct or applies with obvious clarity to the conduct at issue." (internal quotation marks omitted)). Accordingly, *Hunnicutt* is does not constitute clearly established law that defendants did not have probable cause to arrest plaintiff. Because it is not clearly established that defendants violated plaintiff's constitutional rights, the Court finds no

error in the Recommendation and concludes that defendants are entitled to qualified immunity on this claim.[3]

### D.  Claim Five

The magistrate judge found that the law was not clearly established that defendants' method of handcuffing him (behind the back) violated the Fourth Amendment.  Docket No. 44 at 25-26.  Plaintiff objects, arguing that handcuffing him behind his back in light of his announced medical condition violated clearly established law.[4]  Docket No. 50 at 1-3.

"It is clearly established that specific conduct violates a constitutional right when Tenth Circuit or Supreme Court precedent would make it clear to every reasonable officer that such conduct is prohibited."  *McCoy v. Meyers*, 887 F.3d 1034, 1044 (10th Cir. 2018) (quoting *Perea v. Baca*, 817 F.3d 1198, 1204 (10th Cir. 2016)); *Clark*, 625 F.3d at 690 ("Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of

---

[3] The Court additionally notes that a law review article cannot constitute clearly established law.  See *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) ("Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." (quotation marks and citation omitted)).

[4] Plaintiff's response to the motion to dismiss argued that defendants did not address claim five and, thus, that plaintiff had no obligation to rebut the motion on this claim.  Docket No. 33 at 14.  The magistrate judge found that, even though defendants did not specifically address qualified immunity on claim five, defendants asserted qualified immunity on all claims.  Docket No. 44 at 24.  Because the magistrate judge recommends dismissing the claim without specific argument from defendants in their motion to dismiss, the Court will not consider the arguments raised in plaintiff's objection to be waived even though they were not presented to the magistrate judge.

authority from other courts must have found the law to be as the plaintiff maintains." (quotation marks and citation omitted)). Plaintiff cites two Sixth Circuit cases (one unpublished), the Denver Police Department Operations Manual, and two out-of-circuit district court cases in support of his argument. See Docket No. 50 at 1-3. Even assuming that these cases stand for the proposition plaintiff cites them for, this is insufficient to show that there is a clearly established right to be handcuffed in the front when a claimed pre-existing medical condition will be aggravated by handcuffing behind the back. See *Reinhardt v. Kopcow*, 66 F. Supp. 3d 1348, 1360 (D. Colo. 2014) (plaintiffs' failure to cite caselaw showing the right was clearly established was "fatal" to the claim). Moreover, the Court's own review has not located any Supreme Court or Tenth Circuit opinions that would support finding the right clearly established. See *Williams v. Hansen*, 5 F.4th 1129, 1133 (10th Cir. 2021) ("In determining whether a right is clearly established, we are conducting de novo review of a legal issue, which requires consideration of all relevant case law."). Accordingly, the Court overrules plaintiff's objection.

## IV. CONCLUSION

It is therefore

**ORDERED** that Defendants' Objection in Part to Recommendation of United States Magistrate Judge [Docket No. 49] is **OVERRULED**. It is further

**ORDERED** that plaintiff's Objection to Magistrate Judge's Recommendation to Grant in Part Defendant's Motion to Dismiss Plaintiff's Complaint [Docket No. 50] is **OVERRULED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 44] is **ACCEPTED**.  It is further

**ORDERED** that the defendant's Motion to Dismiss [Docket No. 27] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** plaintiff's first, third, fourth, and fifth claims for relief are **DISMISSED** with prejudice.

DATED March 14, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge